**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANDREW MARTINEZ,

Plaintiff,

v.

CARDINAL HEALTH PARTNERS, LLC,

Defendant.

Civ. No. 08-0680 (DRD)

**O P I N I O N**

*Appearances by:*

BEGELMAN & ORLOW, PC
411 Route 70 East, Suite 245
Cherry Hill, NJ 08034
by: Marc M. Orlow, Esq.
Ross Begelman, Esq.

*Attorneys for Plaintiff*

DLA PIPER US LLP
1650 Market Street, Suite 4900
One Liberty Place
Philadelphia, PA 19103
by: Joseph Kernen, Esq.
Kristin M. Barrett, Esq.

*Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

Defendant, Cardinal Health, Inc., ("Cardinal"), misnamed in the Amended Complaint as Cardinal Health Partners, LLC, has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) for the dismissal of Plaintiff's Amended Complaint for failure to state a claim on which relief can be granted. In his Amended Complaint, Plaintiff, Andrew Martinez, asserts common law wrongful termination under Pierce v. Ortho Pharmaceutical Corporation, 84 N.J. 58 (1980). Specifically, Martinez alleges that he was wrongfully terminated from his position at Cardinal because he refused to condone actions that violated Medicaid, as well as other regulatory compliance rules, and that the reason he was given for his termination—that he was not meeting the company's expectations—was pretextual. In support of its motion to dismiss, Cardinal argues that Martinez has failed to plead the necessary elements of a Pierce claim and therefore his Amended Complaint must be dismissed for failure to state a claim on which relief can be granted.

The Court has jurisdiction over this action through diversity of citizenship. 28 U.S.C. § 1332(a). Martinez is a citizen of the State of New York and Cardinal is deemed to be a citizen of the State of New Jersey because it has its principal place of business there. The alleged amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

Because the Amended Complaint states a claim for wrongful termination under Pierce, Cardinal's motion will be denied.

## I. BACKGROUND

The Complaint alleges that Cardinal was engaged by Pfizer Pharmaceutical ("Pfizer") to provide business consulting and quality control for sales events to ensure that sales meetings and events were held in accordance with all federal and state regulations regarding anti-kickback laws

and stringent federal regulations concerning hidden discounts, rebates in the form of sales promotions that impact "best price" regulations, Medicare pricing, and the Medicaid Rebate Agreement (collectively "Medicaid Rules").  (Compl. ¶ 3.)  Martinez was employed by Cardinal as a Program Coordinator.  He was responsible for ensuring that all Pfizer sales events were planned and executed properly, and for maintaining proper records to show that the event activities were conducted in accordance with the relevant Medicaid Rules.  (Compl. ¶ 4.)

Sometime in October, 2006, a Pfizer sales representative, Mehdi Shafaat, communicated with Martinez.  (Compl. ¶ 6.)  The sales representative was responding to concerns that Martinez had expressed relating to the reporting of sales promotions and compliance with the Medicaid Rules.  Martinez advised Shafaat that he had not followed the required procedures for arranging speakers' programs because he had not submitted a complete roster of the doctors who were in attendance.  (Compl. ¶ 7.)  In addition, Martinez advised Shafaat that he could not change or cancel a program once a speaker had been paid because to do so would violate regulatory compliance, the Medicaid Rules, and the rules of the Office of the Inspector General.  Id.

Following this conversation with Shafaat, Martinez claims that he was pressured to ignore compliance requirements from other Pfizer sales representatives.  (Compl. ¶ 8.)  Martinez informed his supervisors at Cardinal that he was being pressured by Pfizer representatives to participate in conduct that would violate state and federal regulatory compliance rules.  Id.

On December 13, 2006, Cardinal terminated Martinez's employment.  Martinez alleges that his termination was wrongful and that the reason he was given for his termination, that he was not meeting the company's expectations, was pretextual.  (Compl. ¶ 5.)  Rather, Martinez alleges that Cardinal terminated him in retaliation for lodging complaints against the Pfizer sales

representatives and for refusing to participate in actions that would violate regulatory rules or to condone the conduct of the Pfizer sales representatives. (Compl. ¶ 9.)

Martinez filed a complaint in the Superior Court of New Jersey, Middlesex County on December 14, 2007. The Complaint alleged one cause of action under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1 et seq.. On February 5, 2008, Cardinal removed the case from the Superior Court of New Jersey to this Court, pursuant to 28 U.S.C. § 1441, because the parties to the action are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

On February 13, 2008, Cardinal filed a motion to dismiss, alleging that the statute of limitations had run on Martinez's CEPA claim, and, therefore, Martinez had failed to state a claim on which relief could be granted. On February 21, 2008, Martinez filed a motion to amend his complaint. According to Martinez, he had filed a motion to amend the complaint in the Superior Court of New Jersey and the motion to amend was merely a renewal of the motion submitted in state court. The Court granted Cardinal's motion to dismiss and Martinez's motion to amend on March 5, 2008. Martinez filed his amended complaint on March 10, 2008.[1]

---

[1] Although not raised by either of the parties, the Court notes that CEPA's waiver provision, which "curtail[s] essentially cumulative remedial actions" by preventing an at-will employee from pursuing "both statutory and common law retaliatory discharge causes of action," Young v. Schering Corp., 141 N.J. 16, 27 (1995), does not bar Martinez's common law wrongful discharge claim. Martinez has not forfeited his common law retaliatory discharge cause of action because he never "instituted" a CEPA cause of action. See id. at 28-29. Martinez's CEPA claim was time-barred, so the CEPA waiver provision never attached with respect to any other available claims of wrongful discharge. See Crusco v. Oakland Care Ctr., Inc., 605 N.J. Super. 605, 612-13 (App. Div. 1997) (noting that it would be "illogical" to view a plaintiff's common law claim as barred by the effect of asserting a CEPA claim that she lacked the right to make due to the expiration of the statute of limitations); see also Notte v. Merchants Mutual Ins. Co., 386 N.J. Super. 623 (App. Div. 2006) (finding that the CEPA waiver provision did not make futile an employee's application for leave to file an amended complaint asserting common law wrongful

## II.  DISCUSSION

### A.  Standard of Review under Rule 12(b)(6)

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Center Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007).  Abrogating the standard established in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief," the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965. Thus, the allegations of the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." Phillips v. County of Allegheny, 515 F.3d 224 234-35 (3d Cir. 2008).

### B.  Wrongful Discharge in Violation of Public Policy

To state a claim for wrongful termination or discharge under Pierce v. Ortho

---

discharge claims after her CEPA claims were found to be time-barred).

Pharmaceutical Corporation, 84 N.J. 58 (1980), a plaintiff must first establish a clear mandate of public policy that has been allegedly violated by the plaintiff's discharge. 84 N.J. at 72 ("[A]n employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy."). The burden is on the employee to "identif[y] a specific expression of public policy." Id. Public policy mandates can be derived from "legislation; administrative rules, regulations or decisions; and judicial decisions." Id. Whether a clear mandate of public policy prohibiting the conduct exists is a question of law for the trial judge. Warthen v. Toms River Community Hospital, 199 N.J. Super. 18, 25 (App. Div. 1985). If the plaintiff cannot identify a specific expression of public policy, then the action should be dismissed. Pierce, 84 N.J. at 73.

Having established a clear mandate of public policy, a plaintiff must then allege facts that raise a reasonable expectation that discovery will reveal that the plaintiff was either discharged in violation of the public policy; or for exercising rights protected by the public policy; or for declining to perform an act or acts which require a violation of the asserted policy. There is, however, no requirement that a plaintiff allege that he notified a governmental body or other outside agency in order for a plaintiff to state a claim for relief under Pierce. DeWelt v. Measurement Specialties, Inc., 2007 U.S. Dist. LEXIS 11373, at **19-20 (D.N.J. Feb. 15, 2007); Badrinauth v. Metlife Corp., 2006 U.S. Dist. LEXIS 4790, at **5-6 (D.N.J. Feb. 6, 2006).

Cardinal's reliance on Young v. Schering Corporation, 141 N.J. 16 (1995) for the proposition that notification of a governmental body is an essential element of a Pierce claim is misplaced. In discussing CEPA's waiver provision, the Supreme Court of New Jersey in Young distinguished CEPA claims from common law Pierce claims by stating that a "CEPA cause of

action benefits the employee because notification or threatened notification to a public body or a supervisor of illegal employer conduct is sufficient.  N.J.S.A. 34:19-3(a).  Under Pierce, however, there must be actual notification to a governmental body of illegal employer conduct." 141 N.J. at 27.  Although Young appears to state a bright-line rule that requires actual notification to a governmental body, the statement is in dicta and does not accurately represent the Supreme Court of New Jersey's holding in Pierce.  Badrinauth, 2006 U.S. Dist. LEXIS 4790, at *6.  The Supreme Court of New Jersey has consistently treated the requirements of Pierce as flexible, and to adopt Cardinal's reading of Young as creating an external notification element would be inconsistent with the Supreme Court of New Jersey's jurisprudence of expansiveness and flexibility with regards to Pierce claims.  See id. at *7.

      Cardinal's reliance on House v. Carter-Wallace, Inc., 232 N.J. Super. 42 (App. Div. 1989), in support of an external notification requirement is similarly misplaced.  In House, the New Jersey Appellate Division stated that "no New Jersey case has recognized a claim for wrongful discharge based solely upon an employee's internal complaints about a corporate decision, where the employee has failed to bring the alleged violation of public policy to any governmental or other outside authority or to take other effective action in opposition to the policy." 232 N.J. Super. at 48-49.  Cardinal focuses on the first half of the statement while ignoring the fact that "other effective action" could satisfy the House court's statement of the law.  Indeed, House cited to Kalman v. Grand Union Co., 183 N.J. Super. 153 (App. Div. 1982), which allowed a Pierce claim to proceed where a pharmacist was discharged for refusing to close a pharmacy while other parts of the store that it was located in remained open, in violation of rules of the Board of Pharmacy, in support its statement summarizing the state of the law.  See

232 N.J. Super. at 49. Therefore, while it is clear that a mere difference of professional opinions or voicing opposition to corporate policy is not a sufficient basis for a wrongful discharge claim, House, 232 N.J. Super. at 49, allegations that a plaintiff took "effective action in opposition" to perceived wrongful conduct can provide a sufficient basis for a claim under Pierce, DeWelt, 2007 U.S. Dist. LEXIS 11373, at *20; Badrinauth, 2006 U.S. Dist. LEXIS 4790, at **8-9.

In this case, Martinez has alleged that he was responsible for ensuring that Pfizer sales events were planned and executed in accordance with all of the relevant Medicaid compliance rules and that he was pressured by Pfizer sales representatives to ignore those compliance regulations. Martinez has further alleged that he reported to his supervisors at Cardinal that he was being pressured by Pfizer sales representatives to ignore compliance rules and that by ignoring those rules he would be participating in the violation of the compliance rules. If these allegations are true, then Martinez's refusal to condone the sales representatives' disregard for the compliance rules and his subsequent complaint to his supervisors at Cardinal constitutes an effective action in opposition to wrongful conduct. Martinez's complaint was not merely a difference of opinion or disagreement with corporate policy; rather, it was a action in support of his belief that some Pfizer sales representatives were attempting to violate federal and state regulatory rules. Compare DeWelt, 2007 U.S. Dist. LEXIS 11373, at *20 (finding that an employee's refusal to sign company financial statements was sufficient effective action to allow a Pierce claim to proceed).

Finally, Martinez has alleged that Cardinal terminated his employment approximately two months after he informed his supervisors that some Pfizer sales representatives were pressuring him to ignore the regulatory compliance rules and that his termination was in violation of a clear

mandate of public policy. Martinez relies on the False Claims Act ("FCA"), 42 U.S.C. § 3729 et seq., to establish a clear mandate of public policy. The "FCA prohibits any person from making false or fraudulent claims for payment to the United States." Graham County Soil & Water Conservation Dist. v. United States, 545 U.S. 409, 411 (2005) (citing 31 U.S.C. § 3729(a)). It is unclear from the Amended Complaint how the public policy of the FCA was allegedly violated by Martinez's termination; however, it is clear that discharging an employee who is trying to uphold compliance with regulatory rules is in violation of public policy. Therefore, if the allegations of the Amended Complaint are presumed to be true, then Martinez was fired because he refused to disregard regulatory compliance rules. Accordingly, Martinez has stated a claim for wrongful discharge under Pierce.

## III. CONCLUSION

Because Cardinal has not established that, if the facts alleged are true, the Supreme Court of New Jersey would decline to find a cause of action under Pierce, its motion to dismiss Marinez's Amended Complaint will be denied. The Amended Complaint sufficiently alleges facts, that if taken as true, state a claim for wrongful discharge in violation of public policy.

The Court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: April 21, 2008